[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment on the grounds that the complaint is barred by the statute of limitations governing oral contracts, Conn. Gen. Stats. 52-581, and the statute of limitations for negligence with respect to damage to property, Conn. Gen. Stats. 52-584. The plaintiff opposes the motion for summary judgment on the grounds that 1) the defendants fraudulently concealed the presence of a cause of action and are, therefore, estopped from asserting the aforementioned statutes of limitations and 2) the action was filed within the seven year limitation period established in Conn. Gen. Stats. 52-584a, "Actions against architect or professional engineer."
The complaint alleges that the plaintiff's predecessor in interest entered into an oral contract with the defendants by which the defendants agreed to prepare the necessary plans and CT Page 2795 specifications for the construction of a building at 80-100 Pitkin Street, East Hartford, Connecticut, (the "Building"). The Building was substantially completed on or about February 28, 1985. In February of 1985 the plaintiff became aware that the concrete masonry arches in the Building were cracking and deflecting, and that the Building was seriously defective.
The plaintiff commenced this action on May 20, 1991, claiming that the defendants breached their oral contract to prepare adequate plans and specifications and were negligent in their preparation of the plans and specifications for the Building.
In light of this court's holding with respect to the applicability of 52-584a, it is not necessary to address the fraudulent concealment issue.
In support of their argument that this action is barred by both the oral contract statute of limitations and the negligence statute of limitations, the defendants rely on the case of The R. A. Civitello Company v. New Haven, 6 Conn. App. 212,504 A.2d 542 (1986). In that case the City of New Haven brought a third party complaint against architects for negligence and breach of contract in connection with the construction of a public school. The action was barred under the three year statute of limitations for negligence, 52-584 and under the six year statute of limitations for breach of contract, 52-576. If the seven year statute of limitations covering architects and engineers applied, the City's claims would not have been barred.
The court held that the intent of the seven year statute was "to create a seven year absolute maximum on actions against architects and engineers, based upon the finite barrier of substantial completion, regardless of the nature of the claim, while leaving any other lesser limitations in effect."6 Conn. App. at 229.
The holding in Civitello was based primarily on language of52-584a, which was removed from the statute by P.A. 86-266. At the time of the Civitello decision, 52-584a provided in pertinent part:
 "(a) Notwithstanding any provision of the general statutes, no action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation of construction or construction of an improvement to real property; (B) for injury to property, real or personal, arising out of any CT Page 2796 such deficiency . . . or (2) for contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement more than seven years after substantial completion of such improvement . . . . (d) Nothing in this section shall be construed to extend the period prescribed by the laws of this state for the bringing of any action."
Emphasis indicates portions which were removed by P.A. 86-266.
The court in Civitello placed particular reliance on subsection (d) of 52-584a which provided. "Nothing in this section shall be construed to extend the period prescribed by the laws of this state for the bringing of any action." The court considered the foregoing language to express a plain and unambiguous intention that 52-584a did not extend the existing statutes of limitation for tort and contract.
The defendants also rely on Zapata v. Burns, 207 Conn. 496,508, 542 A.2d 700 (1988) wherein the Connecticut Supreme Court cited language from Civitello as follows:
 "The clear mandate of General Statutes 52-584a
was to create a seven year absolute maximum on actions against architects and engineers, based upon the finite barrier of substantial completion, regardless of the nature of the claim while leaving any other lesser limitations in effect. R. A. Civitello Co. v. New Haven, 6 Conn. App. 212, 229 504 A.2d 542 (1986)." 207 Conn. at 508.
The defendants claim that the foregoing language reflects the court's interpretation that 52-584a left lesser limitations in effect even after its amendment by P.A. 86-266. However, in Zapata, the actionable injury occurred more than seven years after the substantial completion by the defendant architects. Therefore, the aforementioned language was dicta, since the applicability of lesser limitations was not at issue in the case.
The court in Civitello recognized that the fact that "contract and tort actions are specifically mentioned in General Statutes 52-584a [arguably] evidences an intent that the new seven year statute be the statute of limitations for actions involving architects and engineers." 6 Conn. App. at 244. However, the court found that the inference that 52-584a
CT Page 2797 created a seven year limitation for all actions against architects and engineers was rebutted by the opening phrase of the statute, which stated "notwithstanding any provision of the General Statutes," and by the language of 52-584a(d). The foregoing portions of the statute were removed by P.A. 86-266. Therefore, under the Civitello analysis the language of 52-584a
now in effect supports the plaintiff's claim that the limitation period for actions against architects is seven years whether the actions are "in contract, in tort, or otherwise."
The plaintiff's interpretation of 52-584a finds further support in the comments to the General Statutes which provide, "P.A. 86-266 deleted former Subsec. (d), thereby expanding the applicability of the seven-year statute of limitations for actions against architects and engineers . . . ."
The following portion of the legislative history ofP.A. 86-266 was cited by the plaintiff:
 Mr. Speaker, what this amendment does it to address the problem of municipalities caught in the kind of cross-fire between contractors and architects in conflicting statutes of limitations. We currently have in our statutes, Mr. Speaker, a seven year statute of limitations for actions against architects and engineers involving deficiencies in design and planning contract administration and so on. What this amendment would do is insure that the seven year statute would apply and that a shorter statute such as the three year general negligence standard or the six year statute on contract matters would not be superimposed on the statute regarding architects. That is to correct a problem that was highlighted, Mr. Speaker, in the case of Civitello vs. The City of New Haven, decided by the Appellate Court earlier this year. I move passage of the amendment, Mr. Speaker.
 Remarks by Representative Martin Looney. Connecticut General Assembly House Proceedings, H-435, Vol. 29, Part 11, at 4127-4128 (April 28, 1986).
The foregoing legislative history further supports the plaintiff's claim that P.A. 86-266 was intended to amend52-584a in response to the Appellate Court's interpretation thereof in Civitello.
For the foregoing reasons, the defendants' motion for summary judgment is denied.
AURIGEMMA, JUDGE CT Page 2798